**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| SHAUNDA CLARK, AS LEGAL AND PHYSICAL CUSTODIAN OF SAW, A MINOR,<br><br>      Plaintiff,<br><br>v.<br><br>GRACIE S. TROUTMAN, KELDRICK JAMAR BROWN, TAKEITA A. CLARK, GARY NAPOLEON FULLER, WILLIE B. JACKSON, LUCIOUS JONES, JOHN DOE #1 AND JANE DOE # 1,<br><br>      Defendants. | Civil Action No. 5:22-cv-00253-MTT-MSH |

## <u>AMENDED COMPLAINT FOR DAMAGES</u>

COMES NOW, Plaintiff, SHAUNDA CLARK, as legal and physical custodian of SAW, a minor, by and through the undersigned counsel, and files this Amended Complaint for Damages against the above-named Defendants, respectfully showing the Court as follows:

### INTRODUCTION

#### 1.

This is a civil rights action for relief from violations of rights guaranteed to Bobby Edward Lee, Jr. by the Eighth and/or Fourteenth Amendments to the Constitution of the United States, Title 42, Section 1983 of the United States Code,

Page **1** of **21**

the laws of the United States, and/or the laws of the State of Georgia.

2.

Bobby Edward Lee, Jr. was pronounced dead at approximately 9:00 a.m., Monday, July 13, 2020 as a result of ligature strangulation at the hands of his cellmate, convicted murderer, Tony Cary Mitchell, during Bobby Edward Lee, Jr.'s incarceration at Macon State Prison located at 2728 GA-49, Oglethorpe, Macon, Georgia where Bobby Edward Lee, Jr. was paying his debt to society by serving a parole-eligible, non-capital sentence.

3.

Bobby Edward Lee, Jr. is not survived by a spouse. Bobby Edward Lee, Jr.'s only heir at law is his minor daughter, SAW, Plaintiff herein, acting by and through Shaunda Clark, her court-appointed legal and physical custodian.

4.

On May 10, 2021, Tony Cary Mitchell was indicted for murdering Bobby Edward Lee, Jr. and is awaiting trial.

**JURISDICTION**

5.

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as to Plaintiff's claims that arise under the Eighth and/or Fourteenth Amendments to the Constitution and/or laws of the United States, to wit 42 U.S.C. § 1983, and pursuant to § 1343, to

redress the deprivation, under color of state law, of Bobby Edward Lee, Jr.'s rights guaranteed by the Constitution of the United States pursuant to §§ 1983 and 1988.

6.

This Court also has supplemental jurisdiction over the state law claims, if any, which arise from the same facts and circumstances, pursuant to 28 U.S.C. § 1367.

7.

Venue is properly laid in this Court pursuant to 28 U.S.C. § 1391(b)(2) because this Court lies in the judicial district and division in which a substantial part of the events or omissions giving rise to the above-captioned action occurred.

## PARTIES

8.

Plaintiff Shaunda Clark is the court-appointed legal and physical custodian of SAW, a minor, and at all times relevant is, and was, a citizen of the United States of America, residing in the state of Georgia.

9.

Shaunda Clark is the sister of Decedent Bobby Edward Lee, Jr. and the aunt of Bobby Edward Lee, Jr.'s minor daughter, SAW.

10.

Prior to his death, Decedent Bobby Edward Lee, Jr. was a citizen of the United States of America, residing in the state of Georgia, and entitled to the protections of

the Constitution and laws of the United States and the Constitution and laws of the

State of Georgia.

11.

Defendant GRACIE S. TROUTMAN is a citizen of the State of Georgia and

may be personally served ██████████████████████████████████.

12.

Defendants KELDRICK JAMAR BROWN, TAKEITA A. CLARK, GARY

NAPOLEON FULLER, WILLIE B. JACKSON, LUCIOUS JONES, JOHN DOE

#1, a GDOC employee working at Macon State Prison between January 27 and July

13, 2020 with decision-making authority regarding classification, inmate dormitory

assignments, re-assignments, housing transfers, and the safety and protection of

inmates, including Bobby Edward Lee, Jr. and JANE DOE # 1, a GDOC employee

working at Macon State Prison between January 27 and July 13, 2020 with decision-

making authority regarding classification, inmate dormitory assignments, re-

assignments, housing transfers, and the safety and protection of inmates, including

Bobby Edward Lee, Jr. are citizens of the State of Georgia and shall be personally

served at their respective residences, addresses to be determined if service of

summons is not acknowledged and waived.

## FACTUAL ALLEGATIONS

### 13.

Between November 2018 and July 13, 2020, Macon State Prison was operated by the Georgia Department of Corrections ("GDOC").

### 14.

Macon State Prison was built to house more than 1,700 men.

### 15.

In approximately November 2018, Decedent Bobby Edward Lee, Jr. was placed at Macon State Prison where he remained incarcerated until his murder.

### 16.

In approximately November 2019, Decedent Bobby Edward Lee, Jr. "put himself on the door" by formally requesting a transfer from Macon State Prison.

### 17.

Between November 2018 and July 13, 2020, GDOC employed correctional officers and other prison officials at Macon State Prison, including, Defendants GRACIE S. TROUTMAN, KELDRICK JAMAR BROWN, TAKEITA A. CLARK, GARY NAPOLEON FULLER, WILLIE B. JACKSON, LUCIOUS JONES, JOHN DOE #1 and JANE DOE # 1 ("Macon State Prison Officials").

### 18.

Between January 27 and July 13, 2020, Bobby Edward Lee, Jr. was

incarcerated at Macon State Prison.

19.

Between January 27 and July 13, 2020, the Eight Amendment to the United States Constitution imposed a duty on prison officials employed by GDOC at Macon State Prison, including the Macon State Prison Officials, to "protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994); *see also*, LaMarca v. Turner, 995 F.2d 1526, 1535 (11th Cir. 1993) holding that an "unjustified, constant and unreasonable exposure to violence" violates the Eight Amendment.

20.

Between January 27 and July 13, 2020, prison officials employed by GDOC at Macon State Prison, including the Macon State Prison Officials, failed to protect Bobby Edward Lee, Jr. from violence at the hands of others prisoners and failed to eliminate Bobby Edward Lee, Jr.'s unjustified, constant and unreasonable exposure to violence.

21.

Between January 27 and July 13, 2020, the conditions at Macon State Prison consisted of nearly weekly inmate on inmate stabbings and assaults.

22.

Between February and May, 2022, GDOC self-reported seven (7) inmate on

inmate stabbings or suspected stabbings at Macon State Prison. *See* GDOC Incident Report #(s) 297848, 299022, 299642, 300279, 301793, 302281 and 303462.

23.

Between January 27 and July 13, 2020, inmate on inmate attacks, threats of violence, and incidents of extortion at Macon State Prison were pervasive.

24.

Between January 27 and July 13, 2020, inmate possession of knives or hand-made semblances of knives aka shanks or shivs at Macon State Prison capable of inflicting serious and even fatal harm was pervasive.

25.

Between January 27 and July 13, 2020, inmates at Macon State Prison openly carried, wore and/or possessed knives or hand-made semblances of knives aka shanks or shivs capable of inflicting serious and even fatal harm which prison officials employed by GDOC at Macon State Prison, including the Macon State Prison Officials, failed to confiscate or otherwise ignored.

26.

Between January 27 and July 13, 2020, inmates at Macon State Prison were capable of opening their cell doors and walking into common areas.

27.

Between January 27 and July 13, 2020, the ease with which inmates at Macon

State Prison were capable of opening their cell doors and walking into common areas coupled with the ready availability of lethal or potentially lethal weapons by Macon State Prison inmates created a substantial risk of harm to inmates, including Bobby Edward Lee, Jr.

28.

Between January 27 and July 13, 2020, prison officials employed by GDOC at Macon State Prison, including the Macon State Prison Officials, maintained Macon State Prison in an objectively unsafe inhumane, and unsanitary state.

29.

Between January 27 and July 13, 2020, inmates at Macon State Prison were served moldy or rotten food, often containing rat feces, which caused many inmates to vomit.

30.

Between January 27 and July 13, 2020, inmates at Macon State Prison were forced to sleep in roach-infested cells containing rat feces and black mold.

31.

Between January 27 and July 13, 2020, inmates at Macon State Prison were forced to live with pervasively broken plumbing, with at least one dorm flooding for multiple days with feces and urine contaminated water, with additional reports of inmates defecating and urinating in plastic bags.

32.

Between January 27 and July 13, 2020, inmates at Macon State Prison were forced to live in indoor temperatures approaching or exceeding 100 degrees Fahrenheit.

33.

Between January 27 and July 13, 2020, inmates at Macon State Prison often went days, weeks or months without showering and were denied out-of-cell time.

34.

Between January 27 and July 13, 2020, inmates at Macon State Prison often went days, weeks or months without clean linens.

35.

In late May and early June 2020, the inhumane conditions and pervasive dehumanization of inmates at Macon State Prison became so intolerable that it moved certain of the inmates to violence during which time several inmate-led riots occurred.

36.

Between January 27 and July 13, 2020, Macon State Prison was grossly understaffed.

37.

As of June 2020, Macon State Prison had an officer vacancy rate of nearly

47%. *See* GDOC, GDC Management Team: Monthly Roll-Up, June 2020 Data (July 2020).

38.

Between January 27 and July 13, 2020, the inhumane conditions, pervasive dehumanization of inmates, the unwillingness, inability and/or refusal of prison officials employed by GDOC at Macon State Prison, including the Macon State Prison Officials, to actively intervene, deter and protect inmates from violence at the hands of others prisoners failed to eliminate Bobby Edward Lee, Jr.'s unjustified, constant and unreasonable exposure to violence which environment motivated, encouraged and resulted in the killing of these six (6) men at Macon State Prison at the hands of fellow inmates:

1. 01.27.20- Johnny Young;

2. 03.07.20- Rafael Blass;

3. 03.20.20- Carrington Frye;

4. 05.12.20- David Dennis;

5. 05.22.20- Cody Silvers; and

6. 07.13.20- Bobby Edward Lee, Jr.

39.

Between January 27 and July 13, 2020, in a shockingly obvious pattern, inmate on inmate deaths occurred in each of the 3rd months following the most recent

murder such that prison officials employed by GDOC at Macon State Prison, including the Macon State Prison Officials, should have foreseen the violence that claimed Bobby Edward Lee, Jr.'s death.

40.

Between January 27 and July 13, 2020, on average, a human being was murdered at Macon State Prison by a fellow inmate every 27.83 days.

41.

Between January 27 and July 13, 2020, the inmate on inmate death rate at Macon State Prison was disproportionately higher than multiple other states' inmate on inmate death rates.

42.

Between January 27 and July 13, 2020, a substantial portion of the inmate population at Macon State Prison was gang-affiliated.

43.

Between January 27 and July 13, 2020, Decedent Bobby Edward Lee, Jr. was not gang-affiliated and in fact, was never gang-affiliated at any time.

44.

Between January 27 and July 13, 2020, being unaffiliated with any gang made Decedent Bobby Edward Lee, Jr. highly vulnerable to a substantial risk of serious harm from inmate violence.

45.

Between January 27 and July 13, 2020, Decedent Bobby Edward Lee, Jr. was subjected to these objectively unreasonable risks of serious damage to his future health and prior to his death, was assaulted at least once by another Macon State Prison inmate.

46.

Between January 27 and July 13, 2020, Decedent Bobby Edward Lee, Jr. was subjected to these objectively unreasonable risks of serious damage to his future health and prior to his death, was robbed at least once by a Macon State Prison inmate.

47.

Between January 27 and July 13, 2020, the dormitory Decedent Bobby Edward Lee, Jr. was assigned to and housed in was closed temporarily for cleaning.

48.

Between January 27 and July 13, 2020, as a result of the temporary closing of his dormitory for cleaning, prison officials employed by GDOC at Macon State Prison, including the Macon State Prison Officials, reassigned Decedent Bobby Edward Lee, Jr. to a dormitory at Macon State Prison he was previously housed in when a fellow inmate robbed him.

49.

Not wanting to return to the dormitory where he was previously robbed, Decedent Bobby Edward Lee, Jr. refused transfer resulting in prison officials employed by GDOC at Macon State Prison, including the Macon State Prison Officials, reassigning and transferring Decedent Bobby Edward Lee, Jr. to the "hole" with a gang-affiliated cellmate who assaulted Decedent Bobby Edward Lee, Jr.

50.

Between January 27 and July 13, 2020, Decedent Bobby Edward Lee, Jr.'s assault by a fellow inmate led prison officials employed by GDOC at Macon State Prison, including the Macon State Prison Officials, to reassign Decedent Bobby Edward Lee, Jr. a new cellmate, Tony Cary Mitchell, and relocate Decedent Bobby Edward Lee, Jr. to Tony Cary Mitchell's cell.

51.

Between January 27 and July 13, 2020, Tony Cary Mitchell was serving a life sentence at Macon State Prison without the possibility of parole.

52.

At the time the prison officials employed by GDOC at Macon State Prison, including the Macon State Prison Officials, assigned and transferred Decedent Bobby Edward Lee, Jr. to Tony Cary Mitchell's cell, they knew of Tony Cary Mitchell's violent, murderous history.

53.

Decedent Bobby Edward Lee, Jr. is the not the first roommate/cellmate Tony Cary Mitchell has murdered by strangulation. Tony Cary Mitchell was actually incarcerated at Macon State Prison at the time of Bobby Edward Lee, Jr.'s murder for doing the exact same thing to his halfway house roommate, Randy Lewis.

54.

As reflected in Mitchell v. State, 308 Ga. 1, 2 (2020) wherein the Georgia Supreme Court affirmed Tony Cary Mitchell's conviction for murdering his roommate, Randy Lewis, the Georgia Supreme Court related the following facts:

> In June 2011, Mitchell and Lewis were roommates living in a halfway house in Fulton County. The house was a duplex; Mitchell and Lewis lived on one side…Lewis was last seen alive when he left work in the early morning of June 12, 2011…On June 16, men living in the halfway house noticed a foul smell emanating from an open window of Lewis's and Mitchell's residence. One of the men crawled through the window and unlocked the front door. The rest of the men then entered the residence and found Lewis's body under a bed. After being called to the scene, the investigating officer saw…a rope around Lewis's neck and a lot of blood…After Lewis went to sleep, Mitchell…wrapped a rope around Lewis's neck and strangled him…The medical examiner who supervised Lewis's autopsy concluded that he died due to strangulation…

55.

Tragically and inexcusably, acting under color of state law, this is exactly what the prison officials employed by GDOC at Macon State Prison, including the Macon State Prison Officials' acts and/or omissions permitted Tony Cary Mitchell to do to Bobby Edward Lee, Jr.

56.

Between July 11 at 5:14 p.m. and July 13, 2020, Tony Cary Mitchell threatened to kill Decedent Bobby Edward Lee, Jr.

57.

Between July 11 at 5:14 p.m. and July 13, 2020, one or more inmates heard Decedent Bobby Edward Lee, Jr. calling, screaming and/or pleading for the prison officials employed by GDOC at Macon State Prison, including the Macon State Prison Officials, to protect him from the imminent threat of serious bodily harm, including death, that Tony Cary Mitchell presented to Decedent Bobby Edward Lee, Jr. repeatedly stating to the prison officials employed by GDOC at Macon State Prison, including the Macon State Prison Officials, that Tony Cary Mitchell was trying and/or going to kill him.

58.

Between July 11 at 5:14 p.m. and July 13, 2020, one or more inmates alerted prison officials employed by GDOC at Macon State Prison, including the Macon State Prison Officials, of the imminent threat of serious bodily harm, including death, that Tony Cary Mitchell presented to Decedent Bobby Edward Lee, Jr. by calling for assistance and banging on their cell doors but no prison officials employed by GDOC at Macon State Prison, including the Macon State Prison Officials, responded until after Bobby Edward Lee, Jr. had been killed.

59.

Between January 27 and July 13, 2020, the prison officials employed by GDOC at Macon State Prison, including the Macon State Prison Officials, were subjectively aware of the conditions, circumstances, and/or events alleged in ¶¶ 21-58 hereinabove.

60.

Between July 11 at 5:14 p.m. and July 13, 2020, Tony Cary Mitchell murdered Decedent Bobby Edward Lee, Jr.

61.

In the same manner that Tony Cary Mitchell murdered Randy Lewis, between July 11 at 5:14 p.m. and July 13, 2020 at 9:00 a.m., after Decedent Bobby Edward Lee, Jr. fell asleep from exhaustion and fatigue from pleading for help and waiting for prison officials employed by GDOC at Macon State Prison, including the Macon State Prison Officials to render aid and protect him, Tony Cary Mitchell murdered Decedent Bobby Edward Lee, Jr.

62.

In the same manner that Tony Cary Mitchell murdered Randy Lewis, between July 11 at 5:14 p.m. and July 13, 2020 at 9:00 a.m., after Decedent Bobby Edward Lee, Jr. fell asleep from exhaustion and fatigue from pleading for help and waiting for prison officials employed by GDOC at Macon State Prison, including the Macon

State Prison Officials to render aid and protect him, Tony Cary Mitchell wrapped a

ligature around Decedent Bobby Edward Lee, Jr.'s neck and strangled him to death.

63.

The sole cause of death reported on Decedent Bobby Edward Lee, Jr.'s death

certificate is ligature strangulation.

64.

Decedent Bobby Edward Lee, Jr. was pronounced dead at approximately 9:00

a.m., Monday, July 13, 2020 as a result of ligature strangulation at the hands of his

cellmate, convicted murderer, Tony Cary Mitchell.

65.

At the time of his death, Decedent Bobby Edward Lee, Jr. was only thirty-

eight (38) years of age.

66.

Pursuant to O.C.G.A. §§ 24-14-44, 24-14-45, 24-99-1 and 24-99-3, at the time

of his death, Decedent Bobby Edward Lee, Jr. had a life expectancy of *at least* 29.62

and 37.02 additional years, which life expectancy may have been longer.

**COUNT I — Violation of 42 U.S.C. § 1983**

67.

Plaintiff re-adopts, incorporates by reference, and re-alleges Paragraphs 1

through 66, as fully set forth herein verbatim.

Page **17** of **21**

68.

Count I is brought against the Macon State Prison Officials pursuant to 42 U.S.C. § 1983 for being deliberately indifferent to a serious risk of substantial harm to Decedent Bobby Edward Lee, Jr.

69.

Under the Eight Amendment to the Constitution of the United States of America, between January 27 and July 13, 2020, the Macon State Prison Officials had a duty to take reasonable measures to guarantee Decedent Bobby Edward Lee, Jr.'s safety.

70.

Between January 27 and July 13, 2020, the Macon State Prison Officials had a duty to protect Decedent Bobby Edward Lee, Jr. from violence at the hands of other prisoners, including Tony Cary Mitchell.

71.

Between January 27 and July 13, 2020, the Macon State Prison Officials were subjectively aware of a generalized, substantial risk of serious harm that fellow inmates, including Tony Cary Mitchell, posed to Decedent Bobby Edward Lee, Jr.

72.

Between January 27 and July 13, 2020, despite the Macon State Prison Officials' generalized, subjective awareness of the substantial risk of serious harm

Page **18** of **21**

that fellow inmates, including Tony Cary Mitchell, posed to Decedent Bobby

Edward Lee, Jr., the Macon State Prison Officials violated and breached their Eight

Amendment duty to take reasonable measures to guarantee Decedent Bobby Edward

Lee, Jr.'s safety and duty to protect Decedent Bobby Edward Lee, Jr. from violence

at the hands of other prisoners, including Tony Cary Mitchell, by failing to respond

reasonably to the substantial risk of serious harm Decedent Bobby Edward Lee, Jr.

was exposed to by doing absolutely nothing to protect Decedent Bobby Edward Lee,

Jr. or to guarantee his safety which violations and breaches caused serious harm to

and ultimately the death of Decedent Bobby Edward Lee, Jr.

73.

Between July 11 at 5:14 p.m. and July 13, 2020, despite the Macon State

Prison Officials' generalized, subjective awareness of the substantial risk of serious

harm that fellow inmate Tony Cary Mitchell posed to Decedent Bobby Edward Lee,

Jr., the Macon State Prison Officials violated and breached their Eight Amendment

duty to take reasonable measures to guarantee Decedent Bobby Edward Lee, Jr.'s

safety and duty to protect Decedent Bobby Edward Lee, Jr. from violence at the

hands of another prisoner, namely, Tony Cary Mitchell, by failing to respond

reasonably to the substantial risk of serious harm Decedent Bobby Edward Lee, Jr.

was exposed to by doing absolutely nothing (e.g., failing to respond whatsoever to

Decedent Bobby Edward Lee, Jr.'s repeated requests for help, failing to respond

whatsoever to one or more fellow inmates' repeated requests for help on behalf of Decedent Bobby Edward Lee, Jr., failing to conduct daily or more frequent inmate counts, failing to remove Decedent Bobby Edward Lee, Jr. from the cell with Tony Cary Mitchell, failing to remove Tony Cary Mitchell from the cell with Decedent Bobby Edward Lee, Jr., failing to remove implements of serious harm, including death, from Tony Cary Mitchell's possession or his access thereto, et cetera) to protect Decedent Bobby Edward Lee, Jr. or to guarantee his safety which violations and breaches caused serious harm to and ultimately the death of Decedent Bobby Edward Lee, Jr.

74.

Plaintiff hereby sues the Macon State Prison Officials to recover the full value of the life of the Decedent, Bobby Edward Lee, Jr., as defined and calculated under Georgia law and for all other damages cognizable under state or federal law.

75.

Plaintiff hereby sues the Macon State Prison Officials to recover attorney's fees and expenses of litigation pursuant to O.C.G.A. §§ 9-15-14, 13-6-1, 42 U.S.C. § 1988, and other applicable law.

WHEREFORE, Plaintiff prays for the following relief:

a. That summons issue requiring these Defendants to be and appear as provided by law to answer the allegations of this Amended Complaint For Damages;

b.  That Plaintiff have a trial by jury;

c.  That Plaintiff have and recover the following:

    1.  General damages for the full value of the life of Bobby Edward Lee, Jr. in an amount defined by and determined in accordance with Georgia law; <u>and</u>

    2.  Attorney's fees and expenses of litigation pursuant to O.C.G.A. §§ 9-15-14, 13-6-1, 42 U.S.C. § 1988 and other applicable law;

d.  That all costs and all expenses of litigation, including attorney's fees, be cast against the Defendants; <u>and</u>

e.  For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED, this 14th day of July, 2022.

*/s/ Carl R. Varnedoe*
CARL R. VARNEDOE
State Bar Number: 725375
Counsel for Plaintiff

**CARL R. VARNEDOE, LLC**
1 Diamond Causeway, Suite 21-300
Savannah, GA 31406
(912) 205-3456
(912) 205-3507 (facsimile)
<u>carl@varnedoelaw.com</u>